YELVERTON, Judge.
Defendant, Michael W. Colton, stole a cow and pled guilty to theft of livestock, a violation of R.S. 14:67.1. He was sentenced to six years in the custody of the Department of Corrections, and fined $1,000. The prison sentence was suspended and defendant was placed on five years supervised probation, with the special conditions that he pay $300 to the indigent defender board, pay $400 to the victim for restitution, and serve two months in the parish jail. He appealed the sentence, assigning the single error that it was excessive.
The record shows that defendant was 19 years of age, a tenth grader at DeRidder High School, not bright but having no physical infirmities, and that this was his first felony conviction. Colton shot a registered Beefmaster cow belonging to John Harvey. The cow was skinned, butchered and dressed, and the meat was divided between Colton and two other persons.
At the sentencing hearing, armed with a presentence investigation report, the trial judge carefully considered the sentencing guidelines of C.Cr.P. art. 894.1, noted the defendant’s youth, his lack of a criminal record, the attitude displayed toward him by students and faculty at his school, his somewhat limited intelligence, and the circumstances of the offense, and then the sentencing judge tailored a sentence which in this reviewing court’s opinion was certainly not excessive. It is true that a six year sentence out of a possible 10 provided for the offense, was imposed, but it was also suspended and the defendant was placed on probation for a term of five years. A fine of $1,000, out of a possible $5,000 maximum, was imposed and not suspended, but the judge made it clear that a *698 schedule of payments should be worked out over a period of five years for the payment of this fine, as well as the $300 sum to be paid to the indigent defender board, and the $400 to be paid to the victim. As to the restitution ordered, the evidence showed that the animal slaughtered was worth from $1500 to $2,000. A term of five years for the repayment of $1700 would not put too much of a burden on anyone willing to do a moderate amount of work to avoid being found in violation of his probation and subject to having to serve six years in the custody of the Department of Corrections. Finally, the imposition of a mere two months in the parish jail was certainly not excessive. We note that the sentencing occurred on May 31, 1985, and the sentencing judge was obviously mindful of the fact that school was then on summer recess, or about to be, and that the two months’ jail time would not interfere with the defendant’s education.
It is also worthy of note that there were three other persons, one a juvenile, involved in this offense. Any tampering with the present sentence would reflect on the remaining sentences.
This sentence was appropriately lenient, taking into account the defendant’s youth and clean record; it was appropriately severe, taking into account the seriousness of the offense, and the judge’s perceived need to set the young man straight early in his life. There is nothing about this sentence that shocks our sense of justice. There is no abuse of discretion. The sentence is affirmed.
AFFIRMED.